IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHANN MORRISON,<br><br>      Plaintiff,<br><br>v.<br><br>TEMPLE UNIVERSITY and HOSEA H. HARVEY, III,<br><br>      Defendants. | Civil Action No. |

**NOTICE OF REMOVAL**

Defendant Hosea H, Harvey, III ("Mr. Harvey"), hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District under 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. In support of this Notice of Removal ("Notice"), Mr. Harvey states as follows:

**I.**    **PROCESS, PLEADINGS, AND ORDERS**

    1.    Plaintiff Bethann Morrison ("Ms. Morrison" or "Plaintiff") commenced an action by filing a Complaint on or about January 27, 2021 against Mr. Harvey in the Court of Common Pleas of Philadelphia County, Pennsylvania ("the Court of Common Pleas") styled *Bethann Morrison v. Temple University, et al.*, at Docket No. 200500768 (the "State Court Action"). (A true and correct copy of the Complaint is attached hereto as Exhibit A.)

    2.    On May 13, 2021, Mr. Harvey received the Complaint after a process sever threw the Complaint into Mr. Harvey's wife's vehicle. *See* Affidavit of Service on Mr. Harvey, attached hereto as Exhibit B.

3. The Complaint alleges the following claims: (i) negligence (ii) sexual battery (rape) (iii) assault (iv) battery (v) false imprisonment (vi) intentional infliction of emotional distress (vii) negligent infliction of emotional distress (viii) defamation and (ix) invasion of privacy.

4. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Mr. Harvey or filed or received in this action by Mr. Harvey.

## II.    VENUE

5. Because the Court of Common Pleas of Philadelphia County lies in the Eastern District of Pennsylvania, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 118(a) and 1441(a).

## III.   DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(A)

6. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    Diversity of Citizenship Exists

7. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may only have one domicile, and thus, may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

8. Ms. Morrison alleges that she is a citizen of the Commonwealth of Pennsylvania. (Exhibit A at ¶ 8.) Accordingly, Ms. Morrison is a citizen of the Commonwealth of Pennsylvania for purposes of diversity jurisdiction.

9. Mr. Harvey is a is a citizen of the State of Washington with an address at 256 E. Roanoke Street, Seattle, WA 98102. Accordingly, Mr. Harvey is a citizen of Washington for purposes of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

10. Accordingly, there is complete diversity among the parties for purposes of removal.[1]

### B. The Amount In Controversy Exceeds $75,000

11. Pursuant to 28 U.S.C. § 1446(c), Defendant need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

12. When removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1446(c)(2)(A).

13. For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to determine if a plaintiff's actual monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

14. In her Complaint, Ms. Morrison does not provide a limit on the amount of damages she is seeking.

---

[1] Temple University is no longer a defendant in this matter. On February 4, 2021, the Common Pleas Judge approved and entered a stipulation to settle and discontinue the lawsuit against Temple University only. *See* State Action Docket, attached as Exhibit C.

15. According to a reasonable reading of the Complaint, the amount in controversy is in excess of $75,000. *See Angus* v. *Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not set a limit for damages, the court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

16. Although Mr. Harvey denies the validity and merit of Ms. Morrison's claims and allegations, and denies that she is entitled to any relief, her damages claim – for all non-monetary and compensatory harm, including, but not limited to, compensation for her physical injuries, pain and suffering, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering – establishes an amount in controversy in excess of the jurisdictional minimum of $75,000. (Prayer For Relief.)

17. In addition, Ms. Morrison seeks punitive damages, which adds to the amount in controversy. *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3rd Cir. 2007). If Plaintiff succeeds in establishing liability, a fact finder might conclude that her alleged emotional distress and punitive damages exceed $75,000.

18. Considering the *combination* of Plaintiff's potential claims for non-monetary and compensatory harm, and punitive damages, it is plausible that a fact finder might conclude that her damages exceed $75,000, exclusive of interest and costs. Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is a civil action between citizens of different states.

19. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1441(b) and (c), Mr. Harvey desires and is entitled to have this case removed from the Court of Common Pleas Philadelphia to the United States District Court for the Eastern District of Pennsylvania.

## IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

20. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on June 9, 2021, which is within thirty days of service of the Complaint on Mr. Harvey.

21. In accordance with 28 U.S.C. § 1446(d), Mr. Harvey has filed this Notice with this Court, is serving a copy of this Notice upon Ms. Morrison, and is filing a copy of this Notice in the Court of Common Pleas of Philadelphia County.

22. Mr. Harvey reserves the right to submit further evidence supporting this Notice should Ms. Morrison move to remand.

## V. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Mr. Harvey prays the instant action pending against him in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed to this Court and request that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

Dated: June 9, 2021

*/s/ William J. Leahy*
William J. Leahy, Bar No. 80340
wleahy@littler.com
Hannah M. Lindgren, Bar No. 326049
hlindgren@littler.com
LITTLER MENDELSON P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHANN MORRISON,<br><br>   Plaintiff,<br><br>   v.<br><br>TEMPLE UNIVERSITY and HOSEA H. HARVEY, III,<br><br>   Defendants. | Civil Action No. |

**NOTICE TO ADVERSE PARTIES OF REMOVAL AND CERTIFICATE OF NOTICE
TO PROTHONOTARY OF COURT OF COMMON PLEAS**

Pursuant to 28 U.S.C. § 1446(d), Defendant Hosea Harvey hereby gives written notice to Plaintiff that a notice of removal based upon diversity jurisdiction under 28 U.S.C. § 1332(a), was filed in the above-captioned matter on June 9, 2021. Mr. Harvey, through counsel, also certifies that a notice of said filing and a copy of the notice of removal were filed with the Court of Common Pleas of Philadelphia County on June 9, 2021.

Dated: June 9, 2021

/s/ *William J. Leahy*
William J. Leahy, Bar No. 80340
wleahy@littler.com
Hannah M. Lindgren, Bar No. 326049
hlindgren@littler.com
LITTLER MENDELSON P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA  19102.1321
Telephone:   267-402.3000
Facsimile:   267.402.3131
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I, William J. Leahy, hereby certify that a true and correct copy of the foregoing Notice of Removal, was served via email and First Class U.S. Mail, upon:

BethAnn Morrison
121 Overhill Avenue
Philadelphia, PA 19116
Bethann.morrison.1@gmail.com


*/s/ William J. Leahy*
William J. Leahy

Dated:  June 9, 2021