# EXHIBIT A

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

BETHANN MORRISON

  Plaintiff,

v.

TEMPLE UNIVERSITY and
HOSEA H. HARVEY, III

  Defendants

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA

CIVIL ACTION--LAW

MAY TERM 2020
NO. 00768

JURY TRIAL DEMAND

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado inmediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania  19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania  19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

Case ID: 200500768

BETHANN MORRISON

    Plaintiff,

    v.

TEMPLE UNIVERSITY and
HOSEA H. HARVEY, III

    Defendants.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA

CIVIL ACTION-LAW

MAY TERM 2020
NO. 00768

**JURY TRIAL DEMAND**

## COMPLAINT – CIVIL ACTION

Plaintiff BethAnn Morrison, *pro se,* brings this action against Defendants Temple University ("Temple" or "the University") and Professor Hosea H. Harvey, III ("Professor Harvey") and on information and belief avers the following:

## INTRODUCTION

1. For four years while Plaintiff was a student at Temple University, Professor Hosea H. Harvey, III engaged in an escalating pattern of sexual harassment that culminated in the sexual assault, assault and battery, and false imprisonment of Plaintiff on May 15-16, 2018.

2. Professor Harvey forced Plaintiff to ingest an unknown substance that rendered her unable to repel his sexual advances and escape from the room in which he held her.

3. Professor Harvey engaged in sexual acts and sexual intercourse with Plaintiff without her consent.

4. Following the sexual assault by Professor Harvey, Plaintiff filed a Title IX complaint against Professor Harvey at Temple University.

Case ID: 200500768

5. When Plaintiff refused to withdraw her Title IX complaint at Professor Harvey's request, Professor Harvey retaliated against Plaintiff by making untrue and derogatory comments about Plaintiff to the Pennsylvania Bar Examiners, which resulted in Plaintiff being delayed admission to the Pennsylvania Bar for an additional eight months after she passed the Pennsylvania Bar Examination.

6. As a result of Professor Harvey's conduct, Plaintiff suffered great physical, emotional, and psychological harm that severely impacted Plaintiff's daily life and career.

7. Plaintiff brings this action to recover compensatory and punitive damages for the needless and cruel harm that has been visited on her by Professor Harvey.

## PARTIES

8. Plaintiff BethAnn Morrison is an adult individual who currently resides in Philadelphia, Pennsylvania.

9. Hosea H. Harvey, III is an adult individual who, at all time relevant to the incidents alleged in this complaint, resided in Philadelphia, Pennsylvania and was employed as a Professor in Philadelphia, Pennsylvania at Temple University.  He currently resides at 256 E. Roanoke Street, Seattle, WA 98102.

10. Temple University is an institution of higher education located in Philadelphia, Pennsylvania and was the employer of Professor Harvey at all times relevant to the claims of this complaint.

11. Any and all claims between Plaintiff and Temple University arising from the circumstances set forth in this complaint have been resolved to the satisfaction of Plaintiff and Temple University alike.  Plaintiff and Temple University have jointly signed and filed a stipulation acknowledging the settlement of all outstanding issues between them and seeking to

have Temple University removed as a Defendant in this action.  The parties respectfully await

entry of an order by this Honorable Court to effectuate same.

### JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action as it is a court of general jurisdiction

in the Commonwealth of Pennsylvania.

13.     This Court has personal jurisdiction over Professor Harvey under 42 Pa.C.S.A.

§5322.  Professor Harvey had substantial contacts with this jurisdiction at the time of the

incidents alleged herein, including being domiciled in Philadelphia, Pennsylvania and employed

in Philadelphia, Pennsylvania by Temple University.

14.     This Court has personal jurisdiction over Temple University because Temple

University is domiciled in Pennsylvania and conducts business there.

15.     Venue is proper in Philadelphia County, Pennsylvania because the injuries for

which Plaintiff seeks redress were inflicted while Defendants were domiciled and conducting

business in Philadelphia, Pennsylvania.  Plaintiff was also domiciled in Philadelphia,

Pennsylvania at all times relevant to this complaint and suffered injuries arising from the

Defendant Harvey's conduct within the Commonwealth of Pennsylvania.

### JURY DEMAND

16.     Plaintiff demands a trial by jury in this action

### FACTUAL BACKGROUND

17.     Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint

as though fully set forth at length.

18.     In 2010, Temple University hired Professor Harvey to serve as an Assistant

Professor in the Beasley School of Law.

Case ID: 200500768

19.     In August 2014, Plaintiff began a four-year juris doctorate program in the evening division of Temple University's Beasley School of Law.

20.     In August 2014, Temple Law School personnel assigned Plaintiff to Professor Harvey's class for instruction in contract law.

A.  *History of Sexual Harassment of Plaintiff by Professor Harvey*

21.     In October 2014, Plaintiff visited Professor Harvey during his office hours to discuss a potential summer internship opportunity.

22.     At that meeting, Professor Harvey steered the conversation with Plaintiff away from Plaintiff's professional pursuits and toward Plaintiff's personal life, particularly Plaintiff's pending divorce.

23.     Professor Harvey urged Plaintiff to return to his office hours for additional advice concerning her divorce and family situation.

24.     In November 2014, when Plaintiff returned to see Professor Harvey during his office hours as he directed, Professor Harvey sought and obtained Plaintiff's private cell phone number and email address.

25.     From November 2014 through May 2018, in person and via text message, Professor Harvey repeatedly requested dates, sexual favors, and pictures from Plaintiff.

26.     Professor Harvey made these requests for dates, sexual favors, and pictures from Plaintiff while he was employed by Temple University to educate Plaintiff in contract law and assess her fitness to receive her juris doctorate degree.

27.     As a term of his employment, Professor Harvey was obligated to provide educational services to students in a manner that complied with Title IX of the Education

Amendments of 1972, which prohibits sex discrimination in educational programs that receive federal funds.

28.    Temple University provides educational programs that receive federal funds.

29.    Plaintiff filed a Title IX complaint against Professor Harvey on May 23, 2018.

30.    A Title IX investigation into complaints made by Plaintiff against Professor Harvey found that Professor Harvey "more likely than not" sexually harassed Plaintiff in violation of Temple University's Policy of Preventing and Addressing Sexual Harassment while she was a student at Temple University.

31.    As a result of the findings of the Title IX investigation, Valerie I. Harrison, Senior Advisor to the President for Equity, Diversity & Inclusion, referred the matter of Professor Harvey's violation of Temple University's policy to the Law School Dean for disciplinary proceedings in March 2019.

32.    Professor Harvey resigned his lifetime tenured position as professor at Temple University rather than proceed with a hearing before Temple University's Law School disciplinary committee.

B.  *Sexual Assault of Plaintiff by Professor Harvey on May 15-16, 2018*

33.    On or about May 8, 2018, Professor Harvey invited Plaintiff to meet him for dinner and dancing on May 15, 2018 in Atlantic City, New Jersey, where the New Jersey State Bar Association was hosting its annual meeting.

34.    Plaintiff accepted Professor Harvey's invitation.

35.    Plaintiff met Professor Harvey at Harrah's Hotel and Casino in Atlantic City, New Jersey at approximately 8:40 p.m. on May 15, 2018.

36.    Professor Harvey had a drink waiting for Plaintiff when she arrived.

37.   Plaintiff consumed the drink Professor Harvey provided to her.

38.   Within minutes of consuming the beverage, Plaintiff experienced difficulty speaking and moving voluntarily.

39.   Plaintiff was overtaken with the sensation that she was floating outside of her body and did not have control of her physical being.

40.   Plaintiff's condition continued to deteriorate while she and Professor Harvey had dinner at a restaurant located inside Harrah's Hotel and Casino, with Plaintiff reversing normal grammatical word order and struggling to converse with Professor Harvey and the restaurant server.

41.   When dinner concluded, Professor Harvey asked Plaintiff is she wanted to gamble on the casino floor for a while.

42.   Plaintiff told Professor Harvey she was not feeling well and needed to sit down.

43.   Professor Harvey took Plaintiff to a suite he had reserved in Harrah's Hotel.

44.   Once inside the hotel room, Plaintiff's condition continued to deteriorate and Plaintiff became less communicative and less able to move on her own volition.

45.   Professor Harvey then became very aggressive with Plaintiff, forcing her to place her hands on a large picture window in the outer room of the suite and spread her legs apart so he run his hands up her legs and under her dress without obstruction.

46.   When Plaintiff resisted, Professor Harvey began shouting at Plaintiff in a loud and threatening manner that terrified Plaintiff and caused her to fear that Professor Harvey would physically harm her.

47.   Plaintiff remained physically and mentally unable to summon help throughout the entire course of the evening.

48.     Professor Harvey ordered Plaintiff to sit on a sofa in the outer room of the suite.

49.     Shortly thereafter, Plaintiff lost consciousness.

50.     When she regained consciousness, Plaintiff discovered Professor Harvey on top of her, kissing Plaintiff and touching her breasts and genital area without her consent.

51.     Plaintiff lost consciousness.

52.     When Plaintiff regained consciousness, Professor Harvey forced Plaintiff to stand and then he steered her into the bedroom, pushing her from behind.

53.     Plaintiff was terrified but unable to repel Professor Harvey physically.

54.     Once in the bedroom, Plaintiff lost consciousness.

55.     When she regained consciousness, Plaintiff discovered Professor Harvey had removed articles of her clothing without her consent.

56.     Plaintiff lost consciousness.

57.     When Plaintiff regained consciousness, Plaintiff discovered Professor Harvey was actively performing oral sex on her without her consent.

58.     Plaintiff attempted to push herself away from Professor Harvey's reach, but was unable to stop him from continuing to sexually assault her.

59.     Plaintiff lost consciousness.

60.     When she regained consciousness, Plaintiff discovered Professor Harvey was forcefully penetrating her vagina with either his finger or a foreign object, which caused Plaintiff considerable pain.

61.     Plaintiff lost consciousness.

62.     When she regained consciousness, Plaintiff discovered Professor Harvey was actively kissing her while engaging in vaginal intercourse without her consent.

63.     When Plaintiff objected to Professor Harvey engaging in vaginal intercourse

without her consent, Professor Harvey became extremely angry with Plaintiff, causing her to fear

he would physically harm her.

64.     Plaintiff lost consciousness.

65.     During a prolonged period of unconsciousness, Plaintiff believes Professor

Harvey raped her anally based on injuries received on May 15, 2018, the night of the sexual

assault.

66.     Plaintiff experienced period when she was conscious but unable to move of her

own volition.

67.     During some periods when Plaintiff was conscious but unable to move of her own

volition, Professor Harvey dragged Plaintiff by her hands and feet in order to move her into

various positions for sex acts he perpetrated on her without her consent.

68.     Throughout the night of May 15, 2018, when physically and mentally able,

Plaintiff repeatedly told Professor Harvey to "stop" when he was raping her.

69.     Throughout the night of May 15, 2018, when physically and mentally able,

Plaintiff repeatedly told Professor Harvey she "did not want this" [the sexual assault he was

perpetrating].

70.     Throughout the night of May 15, 2018, when physically and mentally able,

Plaintiff repeatedly said, "No. No." to indicate to Professor Harvey she did not want him to

continue raping her.

71.     Professor Harvey was undeterred by Plaintiff's entreaties that he stop raping her.

72.     At approximately 1:00 a.m. on May 16, 2018, Professor Harvey approached

Plaintiff with a glass containing an unknown substance.

73.    Professor Harvey demanded Plaintiff drink the contents of the glass.

74.    Plaintiff resisted, telling Professor Harvey she would not drink anything.

75.    Professor Harvey became agitated and forcefully insisted Plaintiff drink from the glass.

76.    Fearing that Professor Harvey would physically harm her if she did not drink from the glass, Plaintiff was forced to drink some of the unknown contents as Professor Harvey physical hovered over her menacingly.

77.    Between 3:00 a.m. and 6:00 a.m., Plaintiff drifted in and out of consciousness while Professor Harvey apparently slept.

78.    At 6:00 a.m., Plaintiff attempted to get up to leave, but Professor Harvey angrily ordered Plaintiff to remain in bed.

79.    Plaintiff was fearful of Professor Harvey and so complied.

80.    At approximately 8:00 a.m., Plaintiff attempted to gather her personal effects in order to leave Professor Harvey's hotel room.

81.    Professor Harvey noticed Plaintiff trying to leave the bedroom and became noticeably agitated.

82.    Professor Harvey prevented Plaintiff from leaving and made her return to his bed.

83.    Plaintiff lost consciousness.

84.    When she regained consciousness, Plaintiff discovered Professor Harvey actively engaging in vaginal intercourse without her consent.

85.    When he concluded raping Plaintiff, Professor Harvey instructed Plaintiff that she could get dressed and leave.

Case ID: 200500768

86.     Plaintiff was unable to unlock the hotel door without Professor Harvey's
assistance.

87.     When Professor Harvey assisted her with opening the door, Plaintiff immediately
departed the room for her car, which was parked in the parking lot of Harrah's Hotel and Casino.

88.     Plaintiff reached her car at approximately 11:50 a.m. on May 16, 2018.

*C. Retaliation Against Plaintiff by Professor Harvey For Plaintiff's Title IX Complaint*

89.     On May 23, 2018, Plaintiff reported to Temple University's Assistant Dean
Deborah Feldman that she had been raped by Professor Harvey.

90.     Assistant Dean Deborah Feldman responded, "I can't say I'm surprised," upon
hearing that Professor Harvey had allegedly raped Plaintiff.

91.     Assistant Dean Feldman then summoned other law school personnel, including
Title IX Coordinator Andrea Seiss, to hear Plaintiff's statement regarding the alleged sexual
assault perpetrated by Professor Harvey against her.

92.     Ms. Seiss advised Plaintiff as to her right to file a formal Title IX complaint
against Professor Harvey.

93.     On May 23, 2018, Plaintiff elected to initiate a formal Title IX complaint against
Professor Harvey.

94.     Temple University hired outside counsel Renee N. Smith, Esquire of
Montgomery, McCracken Walker & Rhoads LLP to conduct the Title IX investigation.

95.     The Title IX investigation extended from August 2018, when Plaintiff and
Professor Harvey made their initial statements to the independent investigator, until March 2019,
when the parties were made aware of the investigation's findings.

96.     On December 13, 2018, Plaintiff and Plaintiff's sister, Christy Stokes, approached Professor Harvey at The Rosenbach, where he was a guest speaker.

97.     Following his presentation, Professor Harvey spoke with Plaintiff (with her sister nearby) and expressed his desire that Plaintiff withdraw her Title IX complaint at Temple University.

98.     Professor Harvey told Plaintiff in a threatening manner that he had "played fair [with her] so far, but that did not have to continue."

99.     At the time Plaintiff and Professor Harvey met in December 2018, Plaintiff had an application for admission to the Pennsylvania Bar under consideration with the Pennsylvania Board of Law Examiners.

100.    Plaintiff had completed her application and had no reason to anticipate a problem with her candidacy, as Plaintiff had no criminal record, no driving infractions, good credit, and her juris doctorate degree.

101.    Plaintiff had also satisfied all requests for documentation from the Pennsylvania Board of Law Examiners.

102.    Plaintiff refused to withdraw her Title IX complaint against Professor Harvey upon his request in December 2018.

103.    Plaintiff believes Professor Harvey contacted the Pennsylvania Board of Law Examiners and offered untrue, deliberately misleading, and unnecessarily derogatory information about Plaintiff to those who were reviewing Plaintiff's application for admission to the Pennsylvania Bar as an act of retaliation for Plaintiff's refusal to withdraw her Title IX complaint against Professor Harvey.

104.    Plaintiff took and passed the Pennsylvania Bar Exam in February 2019.

105.   Plaintiff was subjected to a protracted investigation into her character and fitness

after she received a passing score on the February 2019 Pennsylvania Bar Examination.

106.   Plaintiff was not admitted to the Pennsylvania Bar until December 5, 2019.

## COUNT I
## NEGLIGENCE

107.   Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint

as though fully set forth at length.

108.   Professor Harvey, as a Professor at Temple University, had a duty to Plaintiff to

provide educational services without discriminating against Plaintiff on account of her gender or

any other protected class status she might have enjoyed while a student at Temple University.

109.   Professor Harvey sexually harassed Plaintiff on account of her gender during her

matriculation at Temple University.

110.   Professor Harvey breached his duty as an educator with respect to Plaintiff.

111.   Professor Harvey had a duty to provide reasonable care to Plaintiff when he

deliberately incapacitated her and held her in seclusion where Plaintiff could not seek help or

receive assistance from others.

112.   Professor Harvey breached his duty to treat Plaintiff with reasonable care when he

deliberately secluded her from those who could potentially offer assistance.

113.   As a result of Professor Harvey's acts, Plaintiff has been damaged and brings

these civil claims for the physical, emotional, and psychological injuries she suffered.

114.   Professor Harvey's acts were negligent or showed a reckless indifference to

Plaintiff's rights, for which she is entitled to an award of compensatory and punitive damages.

## COUNT II
## SEXUAL BATTERY (RAPE)

115.    Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

116.    Professor Harvey engaged in sexual acts and sexual intercourse with Plaintiff.

117.    The sexual acts and sexual intercourse that occurred between Professor Harvey and Plaintiff occurred without Plaintiff's consent.

118.    As a result of Professor Harvey's acts, Plaintiff has been damaged and brings these civil claims for the physical, emotional, and psychological injuries she suffered.

119.    Professor Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of compensatory and punitive damages.

## COUNT III
## ASSAULT

120.    Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

121.    Professor Harvey placed Plaintiff in fear of imminent bodily injury when he sexually assaulted her.

122.    Professor Harvey placed Plaintiff in fear of imminent bodily injury when he became aggressive and refused to let her leave his hotel room after raping her.

123.    By intentionally causing Plaintiff to fear imminent bodily injury, Professor Harvey assaulted Plaintiff.

124.    As a result of Professor Harvey's acts, Plaintiff has been damaged and brings these civil claims for the physical, emotional, and psychological injuries she suffered.

125.     Professor Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of compensatory and punitive damages.

**COUNT IV**
**BATTERY**

126.     Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

127.     Professor Harvey dragged Plaintiff by her hands and feet without her consent.

128.     Professor Harvey engaged in sexual acts and sexual intercourse that involved touching Plaintiff without her consent.

129.     By intentionally making physical contact with Plaintiff without her consent, Professor Harvey committed a battery against Plaintiff.

130.     As a result of Professor Harvey's acts, Plaintiff has been damaged and brings these civil claims for the physical, emotional, and psychological injuries she suffered.

131.     Professor Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of compensatory and punitive damages.

**COUNT V**
**FALSE IMPRISONMENT**

132.     Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

133.     Professor Harvey restrained Plaintiff such that she could not voluntarily leave the room in which he sexually assaulted her.

134.     Plaintiff did not consent to Professor Harvey's restraint of her.

135.   Professor Harvey had no legal right to detain Plaintiff at any time on May 15-16, 2018.

136.   As a result of Professor Harvey's acts, Plaintiff has been damaged and brings these civil claims for the physical, emotional, and psychological injuries she suffered.

137.   Professor Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of compensatory and punitive damages.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

138.   Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

139.   Professor Harvey's conduct in sexually harassing Plaintiff from October 2014 to May 2018 while she was a student at Temple University was extreme and outrageous and caused Plaintiff to suffer severe physical, emotional, and psychological harm.

140.   Professor Harvey's conduct in raping Plaintiff and otherwise sexually assaulting her in May 2018 as described above was extreme and outrageous and caused Plaintiff to suffer severe physical, emotional, and psychological harm.

141.   As a result of Professor Harvey's acts, Plaintiff has been damaged and brings these civil claims for the physical, emotional, and psychological injuries she suffered.

142.   Professor Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of compensatory and punitive damages.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

143.    Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

144.    Professor Harvey's conduct in sexually harassing Plaintiff from October 2014 to May 2018 while she was a student at Temple University was extreme and outrageous and caused Plaintiff to suffer severe physical, emotional, and psychological harm.

145.    Professor Harvey's conduct in raping Plaintiff and otherwise sexually assaulting her in May 2018 as described above was extreme and outrageous and caused Plaintiff to suffer severe physical, emotional, and psychological harm.

146.    As a result of Professor Harvey's acts, Plaintiff has been damaged and brings these civil claims for the physical, emotional, and psychological injuries she suffered.

147.    Professor Harvey's acts were negligent or showed a reckless indifference to Plaintiff's rights, for which she is entitled to an award of compensatory and punitive damages.

**COUNT VIII**
**DEFAMATION**

148.    Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

149.    At all times relevant hereto, Plaintiff was a law-abiding citizen who enjoyed the respect, confidence, and esteem of her neighbors, classmates, and others in the community.

150.    At no time has Plaintiff ever been adjudged guilty of any crime, offense, or violation of law that would tend to lessen the respect, confidence, and esteem of others that she enjoyed and to which she was entitled.

151.    Plaintiff believes Professor Harvey made false statements regarding Plaintiff to the Pennsylvania Bar Examiners.

152.   Plaintiff believes Professor Harvey made false statements to members of the Temple University community and others regarding Plaintiff.

153.   As a result of Professor Harvey's acts, Plaintiff has been damaged and brings these civil claims for the physical, emotional, and psychological injuries she suffered.

154.   Professor Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of compensatory and punitive damages.

## COUNT IX
### INVASION OF PRIVACY

155.   Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

156.   The unwanted and offensive sexual assault of Plaintiff by Professor Harvey was an invasion of Plaintiff's physical solitude and privacy.

157.   The unwanted and offensive sexual assault of Plaintiff by Professor Harvey gave unwanted publicity to Plaintiff's private life.

158.   The derogatory and defamatory comments made by Professor Harvey to the Pennsylvania Bar Examiners placed Plaintiff in a false light.

159.   As a result of Professor Harvey's acts, Plaintiff has been damaged and brings these civil claims for the physical, emotional, and psychological injuries she suffered

160.   Professor Harvey's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of compensatory and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant her relief against Defendant Hosea H. Harvey, III as follows:

A.      An award of damages to be determined at trial to compensate Plaintiff BethAnn Morrison for all non-monetary and compensatory harm, including, but not limited to, compensation for her physical injuries, pain and suffering, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering;

B.      An award of punitive damages in an amount to be determined at trial, sufficient to deter Defendant Hosea H. Harvey, III from engaging in future illegal and/or wrongful conduct;

C.      Such other and further relief as the Court may deem just and proper.

Dated: January 26, 2021                          Respectfully submitted,

                                                 /s/ BethAnn Morrison

                                                 BethAnn Morrison
                                                 121 Overhill Avenue
                                                 Philadelphia, PA 19116
                                                 Phone: (215) 280-2353
                                                 Email: bethann.morrison.1@gmail.com

## VERIFICATION

I, BethAnn Morrison, hereby verify that the statements made in the foregoing pleading are true and correct to the best of my information, knowledge, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Date: January 26, 2021          /s/ BethAnn Morrison

                                      BethAnn Morrison

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: BethAnn Morrison

Signature: /s/ BethAnn Morrison

Name: BethAnn Morrison

Attorney No. (if applicable):

# EXHIBIT B

*Filed and Attested by the*
*Office of Judicial Records*
*17 MAY 2021 02:33 pm*
*C. JONES*

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADALPHIA

| | |
|---|---|
| BETHANN MORRISON,<br><br>                              Plaintiff,<br><br>        Vs.<br><br>TEMPLE UNIVERSITY and HOSEA H. HARVEY, III<br><br>                         Defendant(s), | No. **00768**<br><br>DECLARATION OF SERVICE |

1.  I, MICHAEL W. GRAHAM, of Pierce County, State of Washington, do hereby certify under penalty of perjury under the laws of the state of Washington that the following is true and correct;

I am over eighteen years of age and competent to testify as to the matters herein;

I received one copy of:

- Notice to Defendant
- Complaint – Civil Action
- Verification
- Certificate of Compliance

**KKWT PROCESS SERVICES.**
P.O. Box 4623
Spanaway, Wa 98387
(253)565-6670

Case ID: 200500768

2. The documents listed above  in Paragraph 1 - was served to : **HOSEA H. HARVEY, III.,** documents were served upon:

☐ _____, _____ a Defendant listed above.

☑ _MIRYAM HARVEY (SPOUSE)_ a person of suitable age and discretion who is a resident at the usual place of abode of the individual named above according to the RCW 4.28.080.

3. Service took place on the _13th_ day of _____ _MAY_ _____ 2021 at the hour of _6:05_ (p.m)/a.m., within the County of _____ _KING_ _____,
State of Washington, the following address:

*256 E. ROANOKE ST, SEATTLE, WA  98102*

DATED this _13th_ day of _____ _MAY_ _____, 2021

Signature: _Michael W Graham_

Michael W. Graham
Registered Process Server
License #: **12657**
KKWT Process Services
P.O. Box 4623
Spanaway, WA  98387

DECLARATION OF SERVICE
PAGE 2

**KKWT PROCESS SERVICES**.
P.O. Box 4623
Spanaway, Wa  98387
(253)565-6670

Case ID: 200500768

# EXHIBIT C





No Items in Cart **LOGIN**

Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 200500768 |
| **Case Caption:** | MORRISON VS TEMPLE UNIVERSITY ETAL |
| **Filing Date:** | Wednesday, May 13th, 2020 |
| **Court:** | MAJOR JURY-EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | MISC SUMMONS |
| **Status:** | LISTED FOR CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 22-JUN-2021 09:00 AM | City Hall | Case Management Center, Rm 613 | *unassigned* |

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | PRO SE FILER | MORRISON, BETHANN |
| **Address:** | 121 OVERHILL AVENUE PHILADELPHIA PA 19116 (215)280-2353 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | MORRISON, BETHANN |
| **Address:** | 121 OVERHILL AVENUE PHILADELPHIA PA 19116 | **Aliases:** | *none* | |
| | | | | |

| 3 | | 6 | 04-FEB-2021 | DEFENDANT | TEMPLE UNIVERSITY |
|---|---|---|---|---|---|
| **Address:** | OFFICE OF UNIVERSITY COUNSEL<br>300 SULLIVAN HALL<br>1330 W. POLETT WALK<br>PHILADELPHIA PA 19122 | | **Aliases:** | *none* | |
| | | | | | |
| 4 | | | | DEFENDANT | HARVEY III, HOSEA H |
| **Address:** | 939 WESTLAKE AVENUE N SEATTLE WA 98109 | | **Aliases:** | *none* | |
| | | | | | |
| 5 | | | | TEAM LEADER | NEW, ARNOLD L |
| **Address:** | 606 CITY HALL<br>PHILADELPHIA PA 19107<br>(215)686-7260 | | **Aliases:** | *none* | |
| | | | | | |
| 6 | | | 04-FEB-2021 | ATTORNEY FOR DEFENDANT | HAMBURG, NEIL J |
| **Address:** | HAMBURG LAW GROUP, PLLC<br>1 FRANKLIN TOWN BLVD<br>STE. 1106<br>PHILADELPHIA PA 19103<br>(215)858-2225<br>hamburgnj@hamburglawgroup.com | | **Aliases:** | *none* | |
| | | | | | |
| 7 | | 6 | 04-FEB-2021 | ATTORNEY FOR DEFENDANT | PATEL, ALPA |
| **Address:** | HAMBURG LAW GROUP, PLLC<br>1 FRANKLIN TOWN BLVD<br>SUITE 1106<br>PHILADELPHIA PA 19103<br>(812)240-9674<br>patela@hamburglawgroup.com | | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 13-MAY-2020 02:11 PM | ACTIVE CASE | | | 14-MAY-2020 09:17 AM |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | E-Filing Number: 2005016361 | | | |
| | | | | |
| 13-MAY-2020 02:11 PM | COMMENCEMENT CIVIL ACTION JURY | MORRISON, BETHANN | | 14-MAY-2020 09:17 AM |
| **Documents:** | 🅰 Click link(s) to preview/purchase the documents <br> Final Cover | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 13-MAY-2020 02:11 PM | PRAE TO ISSUE WRIT OF SUMMONS | MORRISON, BETHANN | | 14-MAY-2020 09:17 AM |
| **Documents:** | 🅰 Click link(s) to preview/purchase the documents <br> Morrison-Praecipe for Writ of Summons 5-13-2020.pdf <br> Morrison-Writ of Summons.pdf | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF SUMMONS ISSUED. | | | |
| | | | | |
| 13-MAY-2020 02:11 PM | JURY TRIAL PERFECTED | MORRISON, BETHANN | | 14-MAY-2020 09:17 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 13-MAY-2020 02:11 PM | WAITING TO LIST CASE MGMT CONF | MORRISON, BETHANN | | 14-MAY-2020 09:17 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 22-JUN-2020 03:51 PM | ENTRY OF APPEARANCE | HAMBURG, NEIL J | | 23-JUN-2020 09:42 AM |
| **Documents:** | 🅰 Click link(s) to preview/purchase the documents <br> entry of appearance - NJH and AP.pdf | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF ALPA PATEL AND NEIL J HAMBURG FILED. (FILED ON BEHALF OF TEMPLE UNIVERSITY) | | | |
| | | | | |
| 01-JUL-2020 01:46 PM | PRAECIPE TO REISSUE SUMMONS | MORRISON, BETHANN | | 01-JUL-2020 01:46 PM |
| **Documents:** | 🅰 Click link(s) to preview/purchase the documents <br> Praecipe to Reinstate.pdf <br> Morrison-May Term 2020-000768-Writ for Reinstatement.pdf | | **Click HERE to purchase all documents related to this one docket entry** | |

| Docket Entry: | PREACIPE TO REISSUE WRIT OF SUMMONS FILED. WRIT REISSUED. (FILED ON BEHALF OF BETHANN MORRISON) | | | |
|---|---|---|---|---|
| | | | | |
| 09-OCT-2020 12:10 PM | LISTED FOR CASE MGMT CONF | | | 09-OCT-2020 12:10 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 13-OCT-2020 12:30 AM | NOTICE GIVEN | | | 13-OCT-2020 12:30 AM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 17-OCT-2020 02:23 PM | PRAECIPE TO REISSUE SUMMONS | MORRISON, BETHANN | | 19-OCT-2020 07:30 AM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents<br>Praecipe to Reinstate 10-17-2020 May Term 2020 No 000768.pdf<br>Writ of Summons-Reinstated-Timestamped.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | PREACIPE TO REISSUE WRIT OF SUMMONS FILED. WRIT REISSUED. (FILED ON BEHALF OF BETHANN MORRISON) | | | |
| | | | | |
| 19-OCT-2020 10:41 AM | ACCEPTANCE OF SERVICE FILED | PATEL, ALPA | | 19-OCT-2020 12:45 PM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents<br>09 acceptance of service.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | SERVICE OF PLAINTIFF'S WRIT OF SUMMONS ACCEPTED BY TEMPLE UNIVERSITY AND ALPA PATEL ON 10/19/2020 FILED. (FILED ON BEHALF OF TEMPLE UNIVERSITY) | | | |
| | | | | |
| 19-OCT-2020 01:08 PM | CASE RESCHEDULED BY COURT | ITALIANO, THERESA | | 19-OCT-2020 01:08 PM |
| Docket Entry: | CASE MANAGEMENT ORDER ISSUANCE DATE CONTINUED PER JOINT REQUEST. | | | |
| | | | | |
| 19-OCT-2020 01:11 PM | LISTED FOR CASE MGMT CONF | | | 19-OCT-2020 01:11 PM |
| Docket Entry: | *none.* | | | |

| 19-OCT-2020 01:11 PM | NOTICE GIVEN | | | 19-OCT-2020 01:11 PM |
|---|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents<br>NOTGV_14.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 19-OCT-2020 01:11 PM | NOTICE GIVEN UNDER RULE 236 | | | 20-OCT-2020 04:13 PM |
| **Docket Entry:** | NOTICE GIVEN ON 20-OCT-2020 OF NOTICE GIVEN ENTERED ON 19-OCT-2020. | | | |
| | | | | |
| 21-OCT-2020 12:30 AM | NOTICE GIVEN | | | 21-OCT-2020 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 23-NOV-2020 04:54 PM | CASE RESCHEDULED BY COURT | ORVIK, ERIK | | 23-NOV-2020 04:54 PM |
| **Docket Entry:** | PLAINTIFF TO FILE COMPLAINT. | | | |
| | | | | |
| 23-NOV-2020 04:56 PM | LISTED FOR CASE MGMT CONF | | | 23-NOV-2020 04:56 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 23-NOV-2020 04:56 PM | NOTICE GIVEN | | | 23-NOV-2020 04:56 PM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>NOTGV_19.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | THE CASE MANAGEMENT CONFERENCE FOR THE ABOVE CAPTIONED MATTER HAS BEEN RESCHEDULED FOR Wednesday, December 30, 2020, AT 09:00 AM, IN Case Management Center, Rm 613, CITY HALL. NO FURTHER CONTINUANCES WILL BE GRANTED ABSENT EXIGENT CRCUMSTANCES. COUNSEL FOR PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS NOTICE ON ANY UNREPRESENTED PARTY AND ANY ATTORNEY ENTERING AN APPEARANCE SUBSEQUENT TO THE ISSUANCE OF THIS NOTICE. COUNSEL MUST BE PREPARED TO ADDRESS ALL RELEVANT ISSUES. IF THE CASE SETTLED PRIOR TO THE CONFERENCE, ELECTRONICALLY FILE A SETTLEMENT LETTER. TO FILE THE LETTER ELECTRONICALLY, ACCESS THE | | | |

| | "EXISTING CASE" SECTION OF THE COURT'S ELECTRONIC FILING SYSTEM. SELECT "CONFERENCE SUBMISSIONS" AS THE FILING CATEGORY. SELECT "SETTLEMENT LETTER" AS THE DOCUMENT TYPE. QUESTIONS CONCERNING THIS NOTICE AND ITS CONTENTS SHALL BE REFERRED TO 215-686-3710. | | | |
|---|---|---|---|---|
| | | | | |
| 23-NOV-2020 04:56 PM | NOTICE GIVEN UNDER RULE 236 | | | 25-NOV-2020 10:55 AM |
| **Docket Entry:** | NOTICE GIVEN ON 25-NOV-2020 OF NOTICE GIVEN ENTERED ON 23-NOV-2020. | | | |
| | | | | |
| 25-NOV-2020 12:30 AM | NOTICE GIVEN | | | 25-NOV-2020 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 30-DEC-2020 10:37 AM | WAITING TO LIST RULE DATE | ORVIK, ERIK | | 30-DEC-2020 10:38 AM |
| **Docket Entry:** | APL. FAILED TO FILE COMPLAINT AFTER MULTIPLE LISTINGS FOR CASE MANAGEMENT REVIEW. | | | |
| | | | | |
| 05-JAN-2021 12:49 PM | RULE ISSUED | NEW, ARNOLD L | | 05-JAN-2021 12:00 AM |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents RLFIS_23.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | | |
| **Docket Entry:** | a rule is hereby issued to show cause why this matter should not be non-prossed for failure to file a complaint in a timely manner. Rule Returnable via Virtual Courtroom video-conference on January 27th , 2021 at 10:00 a.m. All counsel and unrepresented parties shall appear via video-conference unless the case is settled withdrawn, or a complaint is filed. If this case is settled, withdrawn, or a complaint is filed, counsel must notify the court immediately in writing and upon proper notification, the Rule will automatically be dissolved. IT IS FURTHER ORDERED as follows: SEE ORDER FOR COMPLETE TERMS. ...BY THE COURT: NEW, JUDGE 01/05/2021 | | | |
| | | | | |
| 05-JAN-2021 12:49 PM | NOTICE GIVEN UNDER RULE 236 | | | 05-JAN-2021 01:53 PM |
| **Docket Entry:** | NOTICE GIVEN ON 05-JAN-2021 OF RULE ISSUED ENTERED ON 05-JAN-2021. | | | |
| | | | | |
| 05-JAN-2021 12:52 PM | LISTED RULE RETURNABLE DATE | | | 05-JAN-2021 12:52 PM |

| Docket Entry: | *none.* | | | |
|---|---|---|---|---|
| | | | | |
| 11-JAN-2021 10:10 AM | STIPULATION FILED | HAMBURG, NEIL J | | 11-JAN-2021 10:38 AM |
| Documents: | ⚑ Click link(s) to preview/purchase the documents<br>Final Fully Executed Stipulation of Dismissal.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| Docket Entry: | 21-21010721 STIPULATION TO SETTLE AND DISCONTINUE LAWSUIT AGAINST DEFENDANT TEMPLE UNIVERSITY ONLY FILED. AWAITING JUDICIAL APPROVAL (FILED ON BEHALF OF TEMPLE UNIVERSITY) | | | |
| | | | | |
| 11-JAN-2021 12:18 PM | STIPULATION ASSIGNED | | | 11-JAN-2021 12:18 PM |
| Docket Entry: | 21-21010721 STIPULATION FILED ASSIGNED TO JUDGE: NEW, ARNOLD L. ON DATE: JANUARY 11, 2021 | | | |
| | | | | |
| 27-JAN-2021 11:49 AM | ORDER ENTERED/236 NOTICE GIVEN | NEW, ARNOLD L | | 27-JAN-2021 12:00 AM |
| Documents: | ⚑ Click link(s) to preview/purchase the documents<br>ORDER_28.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| Docket Entry: | IT IS HEREBY ORDERED AND DECREED THE RULE, LISTED FOR 27TH OF JANUARY , 2021 IS DISSOLVED. THE CASE MANAGEMENT ORDER ISSUANCE DATE FOR THE ABOVE CAPTIONED MATTER HAS BEEN RESCHEDULED FOR FEBRUARY 22ND, 2021 , AFTER WHICH A CASE MANAGEMENT ORDER WILL BE ISSUED BY A CIVIL CASE MANAGER SUBSEQUENT TO A REVIEW OF THE ELECTRONIC COURT RECORD , CIVIL DOCKET AND CASE MANAGEMENT MEMORANDA. ATTENDANCE BY ALL COUNSEL OF RECORD AND UNREPRESENTED PARTIES IS WAIVED. NO CASE MANAGEMENT CONFERENCE WILL BE HELD IN CITY HALL. ....BY THE COURT: NEW, JUDGE 01/27/2021 | | | |
| | | | | |
| 27-JAN-2021 11:49 AM | NOTICE GIVEN UNDER RULE 236 | | | 27-JAN-2021 04:42 PM |
| Docket Entry: | NOTICE GIVEN ON 27-JAN-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 27-JAN-2021. | | | |
| | | | | |
| 27-JAN-2021 11:50 AM | WAITING TO LIST CASE MGMT CONF | NEW, ARNOLD L | | 27-JAN-2021 11:50 AM |
| Docket Entry: | *none.* | | | |

| 27-JAN-2021 11:51 AM | LISTED FOR CASE MGMT CONF | | | 27-JAN-2021 11:51 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 27-JAN-2021 12:34 PM | COMPLAINT FILED NOTICE GIVEN | MORRISON, BETHANN | | 27-JAN-2021 12:00 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>CMPLT_31.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |

| | | | | |
|---|---|---|---|---|
| 29-JAN-2021 12:30 AM | NOTICE GIVEN | | | 29-JAN-2021 12:30 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 04-FEB-2021 11:46 AM | STIPULATION APPROVED | NEW, ARNOLD L | | 04-FEB-2021 11:46 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>STPAP_34.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | 21-21010721 STIPULATION TO SETTLE AND DISCONTINUE LAWSUIT AGAINST DEFENDANT TEMPLE UNIVERSITY ONLY. SEE STIPULATION FOR COMPLETE TERMS. STIPULATION APPROVED AS TO THE DISCONTINUANCE OF DEFENDANT, TEMPLE UNIVERSITY. ...BY THE COURT: NEW, JUDGE 02/04/2021 | | | |

| | | | | |
|---|---|---|---|---|
| 04-FEB-2021 11:46 AM | NOTICE GIVEN UNDER RULE 236 | | | 04-FEB-2021 06:31 PM |
| **Docket Entry:** | NOTICE GIVEN ON 04-FEB-2021 OF STIPULATION APPROVED ENTERED ON 04-FEB-2021. | | | |

| | | | | |
|---|---|---|---|---|
| 19-FEB-2021 03:22 PM | ATTEMPTED SERVICE - NOT FOUND | MORRISON, BETHANN | | 22-FEB-2021 10:01 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>Morrison v HHH-Return of Non-service 11-12-2020.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | HOSEA H HARVEY NOT FOUND ON 11/01/2020. (FILED ON BEHALF OF BETHANN MORRISON) | | | |

| 19-FEB-2021 03:26 PM | ATTEMPTED SERVICE - NOT FOUND | MORRISON, BETHANN | | 22-FEB-2021 10:02 AM |
|---|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents<br>Morrison v HHH-Return of Non-Service 11-27-2020.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | HOSEA H HARVEY NOT FOUND ON 11/15/2020. (FILED ON BEHALF OF BETHANN MORRISON) | | | |

| 22-FEB-2021 12:32 PM | CASE RESCHEDULED BY COURT | LAWLOR, BRIAN | | 22-FEB-2021 12:32 PM |
|---|---|---|---|---|
| **Docket Entry:** | PLTF TO SERVE COMPLAINT UPON REMAINING DEF. | | | |

| 22-FEB-2021 12:33 PM | LISTED FOR CASE MGMT CONF | | | 22-FEB-2021 12:33 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 22-FEB-2021 12:33 PM | NOTICE GIVEN | | | 22-FEB-2021 12:33 PM |
|---|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents<br>CLNGV_40.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | THE CASE MANAGEMENT CONFERENCE FOR THE ABOVE CAPTIONED MATTER HAS BEEN RESCHEDULED FOR Monday, April 19, 2021, AT 01:00 PM, IN Case Management Center, Rm 613, CITY HALL. NO FURTHER CONTINUANCES WILL BE GRANTED ABSENT EXIGENT CRCUMSTANCES. COUNSEL FOR PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS NOTICE ON ANY UNREPRESENTED PARTY AND ANY ATTORNEY ENTERING AN APPEARANCE SUBSEQUENT TO THE ISSUANCE OF THIS NOTICE. COUNSEL MUST BE PREPARED TO ADDRESS ALL RELEVANT ISSUES. IF THE CASE SETTLED PRIOR TO THE CONFERENCE, ELECTRONICALLY FILE A SETTLEMENT LETTER. TO FILE THE LETTER ELECTRONICALLY, ACCESS THE "EXISTING CASE" SECTION OF THE COURT'S ELECTRONIC FILING SYSTEM. SELECT "CONFERENCE SUBMISSIONS" AS THE FILING CATEGORY. SELECT "SETTLEMENT LETTER" AS THE DOCUMENT TYPE. QUESTIONS CONCERNING THIS NOTICE AND ITS CONTENTS SHALL BE REFERRED TO 215-686-3710. | | | |

| 22-FEB-2021 12:33 PM | NOTICE GIVEN UNDER RULE 236 | | | 23-FEB-2021 03:10 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 23-FEB-2021 OF NOTICE GIVEN ENTERED ON 22-FEB-2021. | | | |

| 23-FEB-2021<br>09:39 AM | RETURNED MAIL RECEIVED | | | 23-FEB-2021<br>12:00 AM |
|---|---|---|---|---|
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>MAILR_41.pdf | | 🛒 **Click HERE to purchase all documents<br>related to this one docket entry** | |
| **Docket<br>Entry:** | RETURNED MAIL ORDER DATED 01/27/21 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: HOSEA H HARVEY. | | | |

| 24-FEB-2021<br>12:30 AM | NOTICE GIVEN | | | 24-FEB-2021<br>12:30 AM |
|---|---|---|---|---|
| **Docket<br>Entry:** | *none.* | | | |

| 22-APR-2021<br>08:02 PM | WAITING TO LIST RULE DATE | ITALIANO,<br>THERESA | | 22-APR-2021<br>08:02 PM |
|---|---|---|---|---|
| **Docket<br>Entry:** | *none.* | | | |

| 27-APR-2021<br>10:14 AM | RULE ISSUED | NEW, ARNOLD L | | 27-APR-2021<br>12:00 AM |
|---|---|---|---|---|
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>RLFIS_45.pdf | | 🛒 **Click HERE to purchase all documents<br>related to this one docket entry** | |
| **Docket<br>Entry:** | A RULE IS HEREBY ISSUED TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE NON-PROSSED FOR FAILURE TO EFFECTUATE SERVICE AND/OR FILE A MOTION FOR ALTERNATIVE SERVICE. RULE RETURNABLE VIA VIRTUAL COURTROOM VIDEO-CONFERENCE ON May 19th , 2021 AT 10:00 A.M. ALL COUNSEL AND UNREPRESENTED PARTIES SHALL APPEAR VIA VIDEO-CONFERENCE UNLESS THE CASE IS SETTLED WITHDRAWN, SERVICE IS EFFECTUATED, OR A MOTION FOR ALTERNATE SERVICE IS FILED. IF THIS CASE IS SETTLED, WITHDRAWN, SERVICE IS EFFECTUATED, OR A MOTION FOR ALTERNATE SERVICE IS FILED, COUNSEL MUST NOTIFY THE COURT IMMEDIATELY IN WRITING AND UPON PROPER NOTIFICATION, THE RULE WILL AUTOMATICALLY BE DISSOLVED. IT IS FURTHER ORDERED AS FOLLOWS: SEE ORDER FOR COMPLETE TERMS. ?BY THE COURT: NEW, JUDGE 04/27/2021 | | | |

| 27-APR-2021<br>10:14 AM | NOTICE GIVEN UNDER RULE 236 | | | 28-APR-2021<br>08:47 AM |
|---|---|---|---|---|
| **Docket<br>Entry:** | NOTICE GIVEN ON 28-APR-2021 OF RULE ISSUED ENTERED ON 27-APR-2021. | | | |

| 27-APR-2021 | LISTED RULE RETURNABLE | | | 27-APR-2021 |
|---|---|---|---|---|

| 10:15 AM | DATE | | | 10:15 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 10-MAY-2021 05:08 AM | PRAECIPE TO REINSTATE CMPLT | MORRISON, BETHANN | | 10-MAY-2021 10:27 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>Morrison v HHH-Praecipe to Reinstate Complaint.pdf<br>Morrison v HHH-Complaint-Timestamped 1-27-2021.pdf | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF BETHANN MORRISON) | | | |

| | | | | |
|---|---|---|---|---|
| 17-MAY-2021 02:33 PM | AFFIDAVIT OF SERVICE FILED | MORRISON, BETHANN | | 17-MAY-2021 03:44 PM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>Morrison v HHH-Affidavit of Service.pdf | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON HOSEA H HARVEY BY PERSONAL SERVICE ON 05/13/2021 FILED. (FILED ON BEHALF OF BETHANN MORRISON) | | | |

| | | | | |
|---|---|---|---|---|
| 18-MAY-2021 01:08 PM | LISTED FOR CASE MGMT CONF | | | 18-MAY-2021 01:08 PM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 18-MAY-2021 01:08 PM | ORDER ENTERED/236 NOTICE GIVEN | NEW, ARNOLD L | | 18-MAY-2021 01:08 PM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>ORDER_51.pdf | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | IT IS HEREBY ORDERED AND DECREED THE RULE, LISTED FOR 19TH OF MAY, 2021 IS DISSOLVED. THE CASE MANAGEMENT ORDER ISSUANCE DATE FOR THE ABOVE CAPTIONED MATTER HAS BEEN RESCHEDULED FOR JUNE 22 , 2021 , AFTER WHICH A CASE MANAGEMENT ORDER WILL BE ISSUED BY A CIVIL CASE MANAGER SUBSEQUENT TO A REVIEW OF THE ELECTRONIC COURT RECORD , CIVIL DOCKET AND CASE MANAGEMENT MEMORANDA. ATTENDANCE BY ALL COUNSEL OF RECORD AND UNREPRESENTED PARTIES IS WAIVED. NO CASE MANAGEMENT CONFERENCE WILL BE HELD IN CITY HALL. ....BY THE COURT: NEW, JUDGE 05/18/2021 | | | |

| | | | | |
|---|---|---|---|---|
| 18-MAY-2021 | NOTICE GIVEN UNDER | | | 19-MAY-2021 |

| 01:08 PM | RULE 236 | | | 04:08 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 19-MAY-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 18-MAY-2021. | | | |
| | | | | |
| 20-MAY-2021 12:30 AM | NOTICE GIVEN | | | 20-MAY-2021 12:30 AM |
| **Docket Entry:** | *none.* | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home