IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BETHANN MORRISON            :           CIVIL ACTION
                            :
          v.                :
                            :
HOSEA H. HARVEY, III        :           NO. 21-2616


MEMORANDUM

Bartle, J.                              September 21, 2021

          Plaintiff Bethann Morrison, an attorney acting pro se,
filed this action in the Court of Common Pleas of Philadelphia
County against defendant Hosea H. Harvey, III.  He timely
removed the action to this court based on diversity of
citizenship and the requisite amount in controversy.  See also
28 U.S.C. § 1332(a).[1]  Before the court is his motion to dismiss
under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  He
maintains that all of plaintiff's claims are barred by the
statute of limitations because there was undue delay in service
of process.  In the alternative, he asserts that certain claims
were untimely when plaintiff commenced the action.  Finally,
defendant moves to dismiss plaintiff's counts for defamation and
invasion of privacy for failure to state a claim.

_____

1.   Temple University was also originally named as a defendant
but was dismissed by stipulation of plaintiff and Temple
University while the case was still in the state court.

I

The verified complaint contains some very serious allegations.  Plaintiff avers that on May 18, 2018, while she was a law student at Temple University, she was raped by the defendant who at the time was a professor at the law school. The rape allegedly took place at his suite at the Harrah's Hotel and Casino in Atlantic City, New Jersey.  She reported what occurred a few days later to an Assistant Dean at Temple and initiated a formal Title IX complaint against defendant.  Before a Title IX hearing on the complaint was held at Temple, defendant resigned his position.

Plaintiff further alleges that defendant provided untrue and derogatory information about her to the Pennsylvania Board of Law Examiner when she rejected his request that she withdraw her Title IX complaint.  The Board at that time was reviewing her application for admission to the Bar after she passed the bar examination in February 2019.

In addition to claims for defamation and invasion of privacy, plaintiff asserts counts for negligence, sexual battery (rape), assault, battery, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress.  At the time the lawsuit was filed, plaintiff was a citizen of Pennsylvania while defendant was a citizen of the State of Washington.

II

Under the Pennsylvania Rules of Civil Procedure, a plaintiff may commence a civil action in the Court of Common Pleas by filing with the prothonotary either a praecipe for a writ of summons or a complaint.  See Pa. R.C.P. 1007.

The plaintiff, of course, must take steps to have the writ and the complaint served on the defendant.  Service on a defendant in the Commonwealth is to be accomplished within 30 days while service outside the Commonwealth is to take place within 90 days.  If the complaint is not served within the time provided for in the rules, the plaintiff must ask the prothonotary to reissue the writ or reinstate the complaint so as to permit service to be effected.  There is no limit under the rules to the number of times the writ may be reissued or the complaint reinstated.  See Pa R.C.P. 401, 404.

When the plaintiff commences the action by a praecipe for a writ of summons, the prothonotary, on a praecipe by the defendant, shall require the plaintiff to file a complaint.  If the plaintiff, per the directive of the prothonotary, does not do so within 20 days, the prothonotary shall enter a judgment of non pros on the praecipe of the defendant.  See Pa. R.C.P. 1037.

Under Rule 404, the proper method of service of process outside the Commonwealth may be accomplished by hand delivery by a competent adult or by any form of mail requiring a

receipt signed by the defendant or his authorized agent as
provided in Rule 403.  Rule 403 also authorizes service by
ordinary mail if the postal authority notes that defendant
refused to accept the mail requiring his signature.[2]

III

The record of the Court of Common Pleas establishes
that the plaintiff commenced this action by filing a praecipe
for a writ of summons on May 13, 2020.  The prothonotary issued
the writ the next day.  According to the state court docket,
plaintiff filed on July 1, 2020, and again on October 17, 2020,
a praecipe for reissuance of the writ of summons.  Each time the
writ was reissued.  A case management conference was scheduled
by the court for December 30, 2020.  The docket for that date
simply recorded, "APL. failed to file complaint after multiple
listings for case management review."  On January 5, 2021, the
court issued a rule to show cause why this matter should not be
nonprossed for failure to file a complaint in a timely manner.
The rule was returnable on January 27, 2021.  On that day,
plaintiff filed her complaint and the rule was dissolved.  A
February 19, 2021 docket entry records, "Attempted service – not
found.  Hosea A. Harvey not found on 11/01/20 (filed on behalf
of Bethann Morrison)" and "Attempted Service – not found.

---

2.  There are several other methods of service not relevant
here.

Hosea H. Harvey not found on 11/15/20 (filed on behalf of
Bethann Morrison)."

The docket entry for February 22, 2021 states, "Case
rescheduled by court" and noted the rescheduling of a case
management conference for April 19, 2021.  The entry for
February 23, 2021 reads, "Returned mail order dated 1/27/21 as
undeliverable at the address on file with the court to the
following party:  Hosea H. Harvey."

The docket further reflects that the court on April
27, 2021 "issued a rule to show cause why this matter should not
be non-prossed for failure to effectuate service and/or file a
motion for alternative service."  The rule returnable was set
for May 19, 2021.

On May 10, 2021, plaintiff filed a praecipe to
reinstate the complaint.  The docket notes for that day:
"Complaint with notice to defend within twenty (20) days after
service in accordance with Rule 1018.1 reinstated (filed on
behalf of Bethann Morrison)."  On May 17, 2021, plaintiff filed
a Declaration of Service that service of the complaint had been
made on Hosea H. Harvey on May 13, 2021 by serving his spouse at
his "usual place of abode" on Roanoke Street in Seattle,
Washington.  Defendant removed the action to this court on
June 9, 2021.

In addition to the state court record, this court has before it discovery which this court permitted concerning the issue of service of process. The discovery included the deposition of plaintiff, documents, answers to requests for admissions served on defendant, and an affidavit or declaration of plaintiff and defendant.

Plaintiff testified that prior to filing suit she had learned that defendant was no longer living in Philadelphia but had moved to Seattle, Washington. Through a Google search she discovered that he worked at a company located at 939 Westlake Avenue N in Seattle. It was that address for him that she provided to the court when filing this action. After filing the praecipe for writ of summons on May 13, 2020 she attempted without success to reach the Philadelphia Sheriff's office to arrange for service of the writ. Neither of her phone calls was answered. Thereafter "she sought a private process server to serve the writ."

During the first 90 days after she instituted suit, a process server she engaged in Philadelphia found what he deemed to be another Seattle address for defendant on Roanoke Street. Because of the coronavirus pandemic, the process server advised her of the difficulties of making personal service when people were not answering their doors and suggested she try alternative means of service.

On July 1, 2020, as noted above, she had the writ of summons reissued although the 90 days in which to serve defendant outside of Pennsylvania would not expire until mid-August.  On July 27, 2020, on the advice of the process server and during the first 90 days after the writ of summons issued, plaintiff sent an email to defendant in which she attached the writ of summons and asked him to accept service by signing and returning the attached Acceptance of Service.  She also stated that if he preferred she would have her writ personally served.  The email was sent to his Yahoo account which they had used to correspond in 2018.  She never heard from him about the email.  In a declaration, defendant admitted that he received the email in a Yahoo email account which "I previously used prior to 2018."  However, the email had been labeled as "spam" and "Yahoo, via a warning message, indicated attachments cannot download.  Attachments in emails marked as spam may contain certain harmful content."  As a result, he stated he did not open the email and learn its contents until July 2021.

During this period, plaintiff called anonymously to the company on Westlake Avenue where she understood that defendant worked.  The person answering the phone refused to supply her with any information about the defendant.

Toward the end of the summer, she began to search for a process server in Seattle to make personal service.  On October 17, 2020, she had the writ of summons again reissued. She did not hire a process server in the Seattle area until October 19, 2020.  He then made multiple unsuccessful attempts in October and November 2020 to serve the reissued writ on defendant at both the Westlake Avenue and Roanoke Street addresses.

Plaintiff was advised that at the Westlake address, a person could enter only if buzzed in.  Defendant in his declaration stated that his office on Westlake Avenue was closed during this time because of the coronavirus pandemic.

The Return of Non-Service which was filed on February 19, 2021 and which her process server prepared under oath concerning his unsuccessful efforts to effect service in October and November 2020 on defendant at Roanoke Street reads as follows:

> 10/21/20 @ 10:30 a.m. African American female sitting at a laptop inside but closed the window coverings after I knocked on the door.  Home also has a security camera over the front door
>
> 10/24/20 @ 8:50 a.m. NO ANSWER
>
> 10/25/20 @ 2:40 p.m. NO ANSWER
>
> 10/28/20 @ 7:45 p.m. NO ANSWER, LIGHTS ON INSIDE

       10/29/20 @ 8:25 p.m. NO ANSWER, LIGHTS ON
INSIDE

       10/31/20 @ 3:30 p.m. NO ANSWER, HEARD PEOPLE
INSIDE
11/1 @ 5:35 p.m. NO ANSWER, HEARD PEOPLE
INSIDE

    In the second filed Return of Non-Service, the process

server further affirmed as to attempted service at Westlake

Avenue and Roanoke Street:

       939 WESTLAKE AVENUE
11/13 @ 12:55 p.m.  BUILDING LOCKED, TRIED
CONTACTING SERVEE VIA CALLBOX OUT FRONT.
SERVER WAS TOLD THAT SERVEE WAS BUSY AFTER
HE HAD TO LET THEM KNOW WHY HE WAS THERE.

       256 E. ROANOKE STREET
11/15 @ 5:55 p.m.  ARRIVED AT SERVEE'S
HOUSE, LIGHTS ON INSIDE, HIS VEHICLE IS
PARKED IN THE PARKING LOT.  SERVER COULD SEE
A LARGE SUITCASE IN THE FRONT SEAT.  SERVER
PARKED ACROSS THE STREET, AT 8:00 p.m.
SERVER KNOCKED ON THE DOOR, AFRICAN AMERICAN
FEMALE ANSWERED AND SAID SHE WAS
HOUSESITTING. SHE SAID SERVEE SHOULD BE HOME
AFTER THE WEEKEND BUT WOULDN'T TELL HIM WHEN
AND CLOSED THE DOOR QUICKLY

    Plaintiff testified at her deposition that she made no

effort to mail the writ to defendant either by first class or

certified mail.  With respect to first class mail, she reasoned

that there would be no proof that he received it.  As to

certified mail, it was her experience during the time of the

coronavirus pandemic that the post office would have a difficult

time obtaining a signature.

After a notice from the court about a possible non pros of this case for failure of service, she filed the complaint on January 27, 2020.  She had not been satisfied with the process server she had previously engaged and in late December and January "had multiple phone calls with multiple potential servers."  She also began efforts to hire someone who had experience in surveillance but found this to be a challenge.

As previously noted, on April 27, 2021, the Common Pleas Court once again issued a rule to show cause why the action should not be nonprossed for failure to effectuate service.  The return date was May 19.  Before the return date plaintiff hired a new process server who made service of the reinstated complaint on defendant's wife at defendant's home on Roanoke Street in Seattle on May 13, 2021.

On that day, plaintiff again called defendant's office and left a message for him.  That message was relayed to defendant by a Joel Latta.  His message to defendant identified the caller as Bethann Orzeck (plaintiff's married name) and listed the phone number from which she had called.  Defendant immediately acknowledged receipt of what Latta had sent him.

Throughout her deposition, plaintiff referenced that the coronavirus pandemic had slowed down her efforts to effect service on defendant.

III

A federal court in a diversity action must apply the
statute of limitations and the tolling principals that would be
applied by the state where the federal court is sitting.  In
this case, the court looks to the law of Pennsylvania.  Guaranty
Trust Co. v. York, 326 U.S. 99 (1945); Bohus v. Beloff, 950 F.2d
919, 924 (3d Cir. 1991).

As noted above, an action is commenced in Pennsylvania
in the Court of Common Pleas when a praecipe for writ of summons
or a complaint is filed with the prothonotary.  See 42 Pa. Cons.
Stat. § 5503(a); Pa. R. Civ. P. 1007.  The action must also be
commenced within the time provided by the relevant statutes of
limitation.  42 Pa. Cons. Stat. § 5501(a).[3]  When the cause of
action accrues outside of Pennsylvania but the action is filed
in the Commonwealth, the Pennsylvania courts apply the statute
of limitations of the state which "first bars the claim."
42 Pa. Cons. Stat. § 5521(b).

Certain of plaintiff's claims accrued in Pennsylvania
while others accrued in New Jersey.  In Pennsylvania, the
relevant statute of limitations for all her claims is two years
except for defamation and invasion of privacy where the

---

3.  There are of course exceptions to these statutory time
periods where tolling is applicable.  See, e.g., Nicole B. v.
Sch. Dist. of Philadelphia, 237 A.3d 986, 995-96 (Pa. 2020).
Tolling is not an issue here.

limitations period is one year. 42 Pa Cons. Stat. §§ 5523, 5524.
Since the New Jersey periods are the same or longer for all
claims, the Pennsylvania deadlines control. See, e.g.,
Frankentek Residential Sys., LLC v. Buerger, 15 F. Supp. 3d 574,
581–82 (E.D. Pa. 2014).

The praecipe for writ of summons was filed in the
Court of Common Pleas of Philadelphia County on May 13, 2020.
The statute of limitations for defamation, which is one year,
accrues when the defendant first made the defamatory statements
to the Pennsylvania Board of Law Examiners.  See Evans v. Phila.
Newspapers, Inc., 601 A.2d 330, 333–34 (Pa. Super. Ct. 1991).
The complaint appears to allege that defendant made the false
statements after an encounter plaintiff had with defendant in
December 2018 and once she had passed the Pennsylvania bar
examination in February 2019.  Since the praecipe for writ of
summons was filed more than a year later, her claim for
defamation is untimely.

Likewise, plaintiff's claim for invasion of privacy
fails because it was filed beyond the one year Pennsylvania
statute of limitations.  See Yates v. Commercial Index Bureau,
Inc., 861 F. Supp. 2d 546, 550 (E.D. Pa. 2012); 42 Pa Cons.
Stat. § 5523(1).  Again, the praecipe for writ of summons was
filed on May 13, 2020.  The complaint alleges that defendant's
"unwanted and offensive sexual assault . . . was an invasion of

plaintiff's physical solitude and privacy . . . and [gave]
unwanted publicity to [plaintiff's] private life and that
defendant's "derogatory and defamatory comments . . . to the
Pennsylvania Bar Examiners placed [plaintiff] in a false light."
According to the complaint, the sexual assault occurred on May
18, 2018 and the false statements occurred at the latest in
February 2019 — all more than a year before this action was
begun.

Plaintiff does not challenge the defendant with
respect to her tardiness in filing her claims for defamation and
invasion of privacy, and the court will dismiss them as time
barred.  As a result, it is not necessary to reach the question
whether plaintiff has stated valid claims for relief.

IV

Defendant next argues that the remaining claims for
negligence, sexual battery (rape), assault, battery, false
imprisonment, intentional infliction of emotional distress, and
negligent inflection of emotional distress are all barred by the
two-year Pennsylvania statute of limitations.  While defendant
concedes that the initial praecipe for a writ of summons was
filed within two years of the accrual of these claims, he
asserts that the plaintiff's delay in effecting service of the

writ and the complaint vitiates the timely filing of the
praecipe.

The filing of the praecipe for writ of summons
commences an action and generally tolls the running of the
statute of limitations under Pennsylvania law.  Nonetheless, the
Pennsylvania Supreme Court ruled in Lamp v. Heyman, 366 A.2d
882, 889 (Pa. 1976), that "a writ of summons shall remain
effective to commence an action only if the plaintiff then
refrains from a course of conduct which serves to stall in its
tracks the legal machinery he has just set in motion."  The
Court required a plaintiff to act in good faith to effectuate
notice to the defendant under the relevant Rules of Civil
Procedure.  Id.  Later, in Farinacci v. Beaver County Indus.
Dev. Auth., 511 A.2d 757, 759 (Pa. 1986), the Court emphasized
that "where noncompliance with Lamp is alleged, the court must
determine in its sound discretion whether a good-faith effort to
effectuate notice was made.  Thus, evidentiary determinations
are required."

Thereafter, the Pennsylvania Supreme Court's handed
down McCreesh v. City of Philadelphia, 888 A.2d 664 (Pa. 2005).
At the outset, after review of its previous decisions, it
announced that with respect to service of process it was
"adopting a more flexible approach" that "sufficiently protects
defendants from defending against stale claims without the

-14-

draconian action of dismissing claims based on technical
failings that do not prejudice the defendants." Id. at 666.
The Court repeated that the action is commenced for statute of
limitation purposes when "a document embodying the matter is
filed in the appropriate office." Id. at 671 (internal
quotations omitted); 42 Pa. Cons. Stat. § 5503.  Pursuant to
Pennsylvania law and the Pennsylvania Rules of Civil Procedure,
commencement of an action takes place when either a praecipe for
a writ of summons or a complaint is filed with the prothonotary.
The Court noted that Rule 401(b)(2) provides that "a writ may be
reissued or a complaint reinstated at any time and any number of
times."  This rule, in the Court's view, "undermine[s] the
purpose of the statute of limitations" by allowing a plaintiff
"to delay interminably" in providing notice of the lawsuit to
the defendant. Id. at 671.

        In McCreesh, plaintiff allegedly suffered personal
injuries on August 14, 2002 when a tree on the property of the
City of Philadelphia fell on his truck while he was driving it.
He timely filed a praecipe for a writ of summons on August 12,
2002 and mailed a copy to the City.  The City's Law Department
acknowledged receipt on August 13, 2002.  Nothing happened until
November 8, 2002 when he filed his complaint.  On that date,
plaintiff also had the writ of summons reissued and properly

served the reissued writ by hand delivering it to the City the same day.

The Common Pleas Court overruled the City's preliminary objections that service by process was untimely. The Commonwealth Court reversed.  The Pennsylvania Supreme Court, reversing the Commonwealth Court, directed that the action be remanded to the Common Pleas Court to determine whether the City, in light of the actual notice of the lawsuit it received on August 13, 2002, had suffered prejudice because of the delay in proper service between August 13, 2002 and November 2002.

McCreesh reiterated that in order to preserve the efficacy of the statute of limitations and to avoid dismissal for undue delay in the service of process, the plaintiff must act in good faith in attempting to serve the defendant.  Whether a plaintiff does so is a matter which "lies within the sound discretion of the trial court."  Id. at 672. Relying on Lamp, the Supreme Court explained that the claims should be dismissed only "where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant."  Id. at 674.  The Court again rejected "draconian procedures" and emphasized that there is no "objective bright line standard of compliance."  Id.  In a footnote, it added, "there may be

-16-

situations where actual notice may not be absolutely necessary so long as prejudice did not result, but we need not delineate such an exception here because the issue is not before us." Id.[4]

The Pennsylvania Supreme Court's most recent pronouncement on the subject of timely service occurred earlier this year in a 4-to-3 decision in Gussom v. Teagle, 247 A.3d 1046 (Pa. 2021). In that case, plaintiff filed a complaint on April 26, 2018, against defendant for injuries suffered in an automobile accident on July 25, 2016. The complaint was timely filed within the two years allowed for a negligence action. On May 9, 2018, the plaintiff filed an affidavit of non-service. Plaintiff had attempted to serve the defendant in Philadelphia but learned at that time that he had sold his home and moved to Virginia a year and a half earlier. On August 28, 2018, plaintiff filed a praecipe to reinstate the complaint. On that date, plaintiff mailed the complaint by certified mail to an address in Virginia but the mail was never claimed. Thereafter plaintiff asserted that she believed that she had located him in Philadelphia. She reinstated the complaint on September 28 and maintains that service was made on defendant's father on

_____

4.  Cases related to undue delay in service of process often cite Witherspoon v. City of Philadelphia, 768 A.2d 1079 (Pa. 2001). Witherspoon, which was decided before McCreesh, is of limited value since there is no majority opinion of the Pennsylvania Supreme Court.

September 29.  In the meantime on August 13, 2018, defendant's
counsel had entered his appearance, and on September 18
defendant filed preliminary objections seeking dismissal of the
complaint for failure to make timely service.  The Common Pleas
Court sustained the preliminary objections and dismissed the
complaint.  Both the Superior Court and the Supreme Court
affirmed.

The Court emphasized that the plaintiff has the burden
to demonstrate that she has made a good faith effort to serve
the complaint.  After reviewing the legal analysis in <u>Lamp</u>,
<u>Farinacci</u>, and <u>McCreesh</u>, the Court summarized the law as
follows:

> In sum, <u>Lamp</u> and its progeny require a
> plaintiff to make a good-faith effort in
> diligently and timely serving process on a
> defendant.  When a defendant presents a
> factual dispute as to whether a plaintiff
> fulfilled this duty, the plaintiff carries
> an evidentiary burden to demonstrate that
> she met her good-faith mandate.  If a
> plaintiff presents credible evidence that
> she made this attempt at service, then she
> fulfills her requirement to prove good
> faith.  If a plaintiff does not present such
> evidence, then she has failed to satisfy her
> evidentiary burden, regardless of whether
> her actions (or inaction) were intentional,
> unintentional, or otherwise.  However,
> pursuant to <u>McCreesh</u>, a trial court should
> not punish a plaintiff by dismissing her
> complaint where she is able to establish
> that her improper but diligent attempts to
> service resulted in the defendant receiving
> actual notice of the commencement of the
> action, unless the plaintiff's failure to

-18-

serve process properly evinced an intent to
stall the judicial machinery or otherwise
prejudiced the defendant.

The Court, based on the evidence presented, agreed
that the trial court had exercised its sound discretion in
finding that the plaintiff had not acted diligently in serving
the complaint.  It emphasized that between May 28, 2018 when
plaintiff filed the affidavit of non-service she had done
nothing else until she filed a praecipe to reinstate the
complaint on August 22, 2018, almost three months later.[5]

In light of Gussom, the evidence here falls far short
of what is necessary to find that plaintiff acted in good faith
in her effort to effect service.  The praecipe for writ of
summons which commenced this action was filed on May 13, 2020.
It took her a year until May 13, 2021, to make service even
though she had known plaintiff's home address in Seattle since
the summer of 2020.  Long intervals went by when nothing
substantive was happening.  While plaintiff had emailed
defendant in July 2020 with a copy of the summons, he filed a

─────────────

5.   As to the fact that defendant's counsel entered an
appearance on August 13, 2018, the Court simply noted in a
footnote, "The record does not reflect what prompted counsel
to enter an appearance for Defendant," and then later added "there
is no evidence of record that would otherwise establish that
Plaintiff's actions or inaction gave Defendant actual notice of
the lawsuit in a timely manner."  The dissent quite cogently
reasons that defendant surely knew about the lawsuit as of
August 13 and that as a result, plaintiff had acted in good
faith to serve the defendant.

declaration in this action that the account was inactive, that the email was denominated as spam, that he did not open it, and that he had no knowledge of its contents until it was called to his attention during discovery in this action.  Plaintiff has not demonstrated that he had actual notice of the lawsuit before service in May 2021.  There is also conflicting evidence as to whether defendant's office location on Westlake Avenue was closed due to the coronavirus pandemic.  Even if it was closed and defendant was not present, plaintiff had knowledge of defendant's home address.

Plaintiff delayed in hiring a process server in Seattle until October 19, 2020, over five months after the praecipe for writ of summons was filed.  While several attempts were made to make service on him both at his office and at his home in Seattle in late October and November, those attempts were unsuccessful.  This was well beyond the 90-day window provided under the state rules to make service outside the Commonwealth.  Thereafter, plaintiff seemed to have entered what can only be characterized as further periods of quiescence. There is no evidence of further attempts of service at any location in Seattle until after she had the complaint reinstated and service was effected at his home on May 13, 2021.  Indeed, twice in 2021, the Common Pleas Court directed the plaintiff to show cause why the lawsuit should not be nonprossed, and only

-20-

then was she spurred into activity.  Plaintiff had stalled the
judicial machinery at least at these junctures.   Moreover, at
no time did she ever take advantage of service by mail as
permitted under Rules 403 and 404 of the Pennsylvania Rules of
Civil Procedure.

In Gussom, the Pennsylvania Supreme Court agreed that
good faith and diligence were lacking with only three months of
inaction.  Here it took plaintiff a year to make service with a
total of many more than three months of inaction when, as noted
above, she had the defendant's home address for virtually the
entire period.  The court acknowledges that the coronavirus
pandemic as well as distance undoubtedly slowed her efforts, but
these hurdles did not justify the hiatus of a year before
service was accomplished.  Plaintiff has not carried her burden
under Pennsylvania law to establish that she acted diligently
and in good faith in her effort to effectuate service of process
on defendant.

The decisions of the Pennsylvania Supreme Court at
times intimate that prejudice to defendant is a factor to be
considered in the court's analysis.  In Gussom, the Court
explained that the trial court should consider whether
plaintiff's diligent but improper attempts at service provided
defendant with actual notice of the commencement of the action.
Plaintiff has not established that defendant had actual notice

before service was made on May 13, 2021.  There is nothing before this court to show that any lack of prejudice to the defendant saves the day for the plaintiff.

Gussom was not decided until March 25, 2021, some 10 months after this action was commenced.  To the extent plaintiff properly relied on McCreesh, the then existing precedent, the result again does not change.  Plaintiff has not complied with the good faith standard articulated in that case.  Nor does the court need to delve into the issue of prejudice to defendant since he did not have actual notice of the lawsuit until service was made on May 13, 2021.

Accordingly, the court will dismiss the remaining claims in plaintiff's complaint, that is, her claims for negligence, sexual battery (rape), assault, battery, false imprisonment, intentional infliction of emotional distress and negligent infliction of emotional distress, as barred because of lack of timely service of process.